1  SHOOK, HARDY & BACON L.L.P.
   M. Kevin Underhill (SBN 208211)
2  kunderhill@shb.com
   555 Mission Street, Suite 2300
3  San Francisco, California 94105
   Tel: 415.544.1900 | Fax: 415.391.0281
4
   Eva Weiler (SBN: 233942)
5  eweiler@shb.com
   Jamboree Center
6  5 Park Plaza, Suite 1600
   Irvine, California 92614
7  Tel: 949.475.1500 | Fax: 949.475.0016
8  Attorneys for Defendant
   WALMART INC.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  ENVIRONMENTAL DEMOCRACY          Case No. 3:23-cv-3215
    PROJECT, a California non-profit corporation,
14
                Plaintiff,            **DEFENDANT'S NOTICE OF REMOVAL**
15
        v.
16
    WALMART INC.; JOMASHOP INC.; PVH
17  CORP.; UNIVERSAL TEXTILES UK, LTD;
    and DOES 1 through 20 inclusive,
18
                Defendants.
19

20

21      PLEASE TAKE NOTICE that Defendant Walmart Inc. hereby removes this action from

22  the Superior Court for the County of San Francisco, California, to this Court.

23                         **INTRODUCTION**

24      1.   On April 20, 2023, plaintiff Environmental Democracy Project (EDP) commenced

25  this action in San Francisco Superior Court by filing a complaint containing a single cause of action

26  for injunctive relief under the California Health and Safety Code based on an alleged violation of

27  federal regulations. The case number assigned was CGC-23-606011. This Court has jurisdiction

28  under 28 U.S.C. § 1331 because EDP's claim involves a federal question.

2.     As discussed below, removal is timely because service on Walmart Inc. was effective on May 29, 2023.  All other defendants that have been served have consented to removal.

3.     True and correct copies of "all process, pleadings, and orders served upon" defendants as of the date of this notice are attached as Exhibit A.  *See* 28 U.S.C. § 1446(a).

### FACTUAL BACKGROUND

4.     EDP is a California nonprofit corporation headquartered in Oakland, California. Compl. ¶ 4. It describes itself as "dedicated to, among other things, protecting the public from deceptive environmental claims regarding consumer goods...." *Id*.

5.     EDP's complaint names four defendants. Compl. ¶¶ 5–8.

6.     Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Compl. ¶ 5. It operates physical stores in California and many other states and operates a website (*walmart.com*) through which products are sold. *Id*.

7.     Jomashop Inc. is a New York corporation with its principal place of business in Brooklyn, New York. *Id*. ¶ 6.

8.     PVH Corp. is a Delaware corporation with its principal place of business in New York, New York, which sells products under the brand name "Calvin Klein." *Id*. ¶ 7.

9.     Universal Textiles UK Ltd. is a United Kingdom company with its principal place of business in Leicester, UK. *Id*. ¶ 8.

10.     EDP alleges that each defendant "utilizes the term 'organic' or phrase 'made with organic' in connection with textile products that it sells and offers for sale in California despite the fact that those products do not contain the requisite organic materials," as EDP alleges is required by the California Organic Food and Farming Act (COFFA) and the federal National Organic Program (NOP). *Id*. ¶¶ 5–8; *see id*. ¶¶ 1, 12–13 (citing Cal. Health & Saf. Code ¶¶ 110810–110959 and 7 C.F.R. §§ 205.1–205.699).

11.     COFFA incorporates the federal NOP regulations, providing that no product handled, processed, advertised, represented, or offered for sale in California shall be "sold as organic" unless it is prominently labeled and invoiced with terminology "as set forth by regulations promulgated by the NOP." Cal. Health & Saf. Code ¶¶ 110830(a).

12.    EDP does not allege that it (or anyone else) has ever purchased one of these textile products from any of the defendants in reliance on these terms. It alleges only that COFFA permits "any person" to bring an action to enforce the statute and seek injunctive relief and attorneys' fees. Compl. at pp. 5–6 (citing Cal. Health & Saf. Code § 111910). It asserts one cause of action for injunctive relief.

## REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

13.    This Court has original jurisdiction over this action because EDP's claim presents a substantial federal question.

14.    District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15.    Even when state law creates the cause of action, a case may be removable if it asserts claims that necessarily raise a disputed and substantial issue of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding state-law quiet-title action was removable because it involved a federal tax issue).

16.    "[F]ederal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quoting *Grable*, 545 U.S. at 313–14). All four requirements are met here.

17.    First, a federal issue is "necessarily raised" by a state-law cause of action if the "claim's very success depends on giving effect to a federal requirement." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 387 (2016); *see also Tri-Dam v. Frazier*, ___ F. App'x ___, 2023 WL 3193592, at *2 (9th Cir. May 2, 2023) (holding jurisdiction appropriate where claim required analysis of conformity to federal shoreline management plan); *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184–86 (9th Cir. 2022) (same where tribe sought equitable

3

relief under state declaratory-judgment act for alleged violation of federal laws); *Hornish v. King County*, 899 F.3d 680, 688 (9th Cir. 2018) (same where state claim required construction of federal Trails Act); *Tran v. Samsung SDI Co. Ltd.*, No. 21-cv-03819-JSW, 2022 WL 3651560, at *2 n.2 (N.D. Cal. Mar. 8, 2022) (same where claims alleged violations of federal regulations regarding labeling of lithium batteries); *Rosenman v. Facebook Inc.*, No. 21-CV-02108-LHK, 2021 WL 3829549, at *3–5 (N.D. Cal. Aug. 27, 2021) (holding UCL claim necessarily raised a federal issue because it depended on federal antitrust law). Here, Plaintiff's claim necessarily raises a federal issue because the state law incorporates federal law requirements and Plaintiff therefore cannot prevail without proving a defendant violated those federal law requirements.

18.     Second, the federal issue presented here is "actually disputed" because the parties disagree as to the scope and applicability of the federal requirements set forth in the National Organic Program, which are the basis for Plaintiff's cause of action. This federal issue is the "central point of dispute." *Gunn*, 568 U.S. at 259.

19.     Third, the federal issue is "substantial," a requirement that focuses on the importance of the issue to "the federal system as a whole" (as opposed to the parties themselves). *Id*. at 260. It is less likely to be satisfied if a case is "fact-bound and situation-specific." *Id*. at 263. Here, this element is satisfied because the federal government has an interest in maintaining the uniformity of federal regulations nationwide—the reason it adopted a "National Organic Program" in the first place—and because resolution of the broad questions presented could affect other cases and is not limited to resolving the dispute between the parties. *See, e.g.*, *Sauk-Suiattle Indian Tribe*, 56 F.4th at 1186 (holding federal issue "substantial" because federal law in question was an effort to "secure enactment of a complete scheme of national regulation"); *Rosenman*, 2021 WL 3829549, at *6 (holding federal issue "substantial" partly because resolution of question presented could affect cases making similar antitrust allegations).

20.     Fourth, the federal issue is capable of resolution in federal court without "disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Again, Plaintiffs' claim relies entirely on an alleged violation of federal regulations. For a federal court to determine whether those federal regulations have been violated, regardless of what the result might be, would not

4

disrupt anything that Congress has approved or established. *See Sauk-Suiattle Indian Tribe*, 56 F.4th at 1186 (noting that state had no "special responsibility" in determining whether federal laws at issue had been violated).

## PROCEDURAL COMPLIANCE

21.     Plaintiff filed this single cause of action on April 20, 2023, in the Superior Court of the State of California for the County of San Francisco. Exh. A at p. 4.

22.     Plaintiff served the summons and complaint on Walmart by mailing them to Walmart's agent in Arkansas via first-class certified mail, return receipt requested, on May 19, 2023.[1] *See id.* at p. 3.

23.     Under California law, service of a summons on a person outside this state by the form of mail used here "is deemed complete on the 10th day after such mailing." Cal. Code Civ. Proc. § 415.40. By statute, therefore, service was deemed complete on May 29, 2023, 10 days after mailing.

24.     Walmart's removal is timely because Walmart is removing the case within 30 days of May 29, 2023, the date service was complete. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999).

25.     All defendants that have been properly joined and served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Counsel for Walmart has contacted the other defendants and/or their counsel and has obtained consent to removal from those that have been served, specifically, Universal Textiles UK Ltd. and PVH Corp.  Unserved defendants are not required to join in the removal.  *See Gossmeyer v. McDonald* (7th Cir. 1997) 128 F3d 481, 489 (Defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal.).

26.     Walmart will promptly file a copy of this notice with the clerk of the state court and serve notice of filing on Plaintiff's counsel of record pursuant to 28 U.S.C. §§ 1446(a) & (d).

---

[1] The mailing appears to be postmarked May 19, 2023, but according to U.S. Post Office tracking information that is the day the shipping label was created, and the Post Office did not pick up the item until the next day, May 20. Exhibit B. For purposes of this notice Walmart assumes the summons and complaint were "mailed" on May 19.

1    Accordingly, Defendants hereby remove this action to the United States District Court for

2   the Northern District of California.

3

4   Dated: June 28, 2023                    Respectfully submitted,

5                                           SHOOK, HARDY & BACON L.L.P.

6

7                                           By:    */s/ M. Kevin Underhill*
                                                   M. Kevin Underhill
8                                                  Eva Weiler

9                                                  Attorneys for Defendant Walmart Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO. 3:23-cv-3215

# EXHIBIT A

PATRICK R. CAREY (State Bar No. 308623)
JACOB JANZEN (State Bar No. 313474)
**LEXINGTON LAW GROUP, LLP**
503 Divisadero St.
San Francisco, CA  94117
Email: pcarey@lexlawgroup.com
Email: jjanzen@lexlawgroup.com
Telephone: (415) 913-7800

Attorneys for Plaintiff
ENVIRONMENTAL DEMOCRACY PROJECT

ELECTRONICALLY

**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/20/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ENVIRONMENTAL DEMOCRACY PROJECT, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., JOMASHOP INC., PVH CORP., UNIVERSAL TEXTILES UK, LTD, and DOES 1 through 20 inclusive,<br><br>Defendants. | CASE NO.  **CGC-23-606011**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>(HEALTH & SAFETY CODE §§ 110810 – 110959 & 111910) |

Plaintiff ENVIRONMENTAL DEMOCRACY PROJECT ("EDP"), based on information and belief and investigation of counsel, except for information based on personal knowledge, hereby alleges:

## **INTRODUCTION**

1. For over four decades, the California Organic Food and Farming Act ("COFFA"), and its predecessors the California Organic Products Act and Organic Food Act, has sought to protect consumers from misleading and inaccurate "organic" product claims by setting forth objective requirements on what companies can sell as "organic" in California. *See* Health & Safety Code §§ 110810 –110959. Despite its lengthy existence and straightforward rules, however, numerous sophisticated companies routinely violate COFFA's requirements to take advantage of Californians' desire for organic products. This Complaint seeks to remedy such violations.

2. Defendants Walmart, Inc., Jomashop Inc., PVH Corp., and Universal Textiles UK, LTD  ("Defendants") sell numerous purportedly organic textile products made of cotton and other materials — at a premium to similar non-organic textile products — that fail to meet COFFA's organic content standards. Defendants prominently label, advertise, promote, and sell their products as "organic" or as being "made with organic [materials]" despite containing minimal organic ingredients. Indeed, Defendants' products contain far less than the 70% or 95% minimum certified organic content required by COFFA for products represented as either "made with organic" or "organic" respectively. As a result, Defendants have violated, and continue to violate, COFFA.

3. EDP thus seeks an injunction remedying these violations and ensuring Defendants comply with COFFA.

## **PARTIES**

4. Plaintiff **EDP** is a California nonprofit corporation headquartered in Oakland, California, that is dedicated to, among other things, protecting the public from deceptive environmental claims regarding consumer goods, such as the false organic representations on consumer products like the ones at issue in this case. EDP brings this

1   action pursuant to Health and Safety Code § 111910(a), which permits "any person" to

2   enforce COFFA's requirements by filing an action in the Superior Court.

3       5.      Defendant **Walmart, Inc.** ("Walmart") is a Delaware Corporation with its

4   principal place of business in Bentonville, Arkansas.  Walmart has over 300 physical

5   stores in California and maintains the website Walmart.com.  Walmart utilizes the term

6   "organic" or phrase "made with organic" in connection with textile products that it sells

7   and offers for sale in California despite the fact that those products do not contain the

8   requisite organic materials.  Walmart advertises and promotes both its physical and online

9   store within California.  In fact, Walmart touts its ability to blur the lines between its

10  physical and online presence, delivering a "seamless shopping experience" amongst its

11  physical and digital capabilities to customers within California.

12      6.      Defendant **Jomashop Inc. d/b/a Giftports Inc. and/or Fashiongalaxy**

13  ("Jomashop") is a New York Corporation with its principal place of business in Brooklyn,

14  New York.  Jomashop utilizes the term "organic" or phrase "made with organic" in

15  connection with textile products that it sells and offers for sale in California despite the

16  fact that those products do not contain the requisite organic materials.

17      7.      Defendant **PVH Corp.** ("PVH") is a Delaware Corporation with its principal

18  place of business in New York, New York.  PVH owns and operates multiple clothing

19  brands including, relevant here, Calvin Klein.  PVH utilizes the term "organic" or phrase

20  "made with organic" in connection with its Calvin Klein textile products that it sells and

21  offers for sale in California despite the fact that those products do not contain the requisite

22  organic materials.

23      8.      Defendant **Universal Textiles UK Ltd.** ("Universal Textiles") is a United

24  Kingdom company with its principal place of business in Leicester, United Kingdom.

25  Universal Textiles utilizes the term "organic" or phrase "made with organic" in connection

26  with textile products that it sells and offers for sale in California despite the fact that those

27  products do not contain the requisite organic materials.

28      9.      DOES 1 through 20 are persons or entities whose true names and capacities

1  are presently unknown to EDP and who are therefore sued by such fictitious names.  Each

2  of the Doe Defendants perpetrated some or all of the wrongful acts alleged herein and are

3  responsible in some manner for the matters alleged.  EDP will amend this Complaint under

4  Code of Civil Procedure § 474 to state the true names and capacities of such fictitiously

5  named Defendants when ascertained.

6                        **JURISDICTION AND VENUE**

7         10.    This Court has personal jurisdiction over each defendant through specific

8  personal jurisdiction because they each have extensive contacts with California, including

9  *inter alia*, their advertising, marketing, distribution, or sales of the violative products at

10  issue in California.  These contacts relate to the cause of action giving rise to this suit.

11         11.    Venue in the County of San Francisco is proper because Defendants, at a

12  minimum, advertise, market, and make available for purchase their violative products at

13  issue in this case throughout the County of San Francisco.

14                              **BACKGROUND**

15         12.    Enacted in 2003 as the California Organic Products Act[1], COFFA works

16  alongside the National Organic Program, 7 C.F.R. §§ 205.1-205.699 ("NOP"), to protect

17  California consumers and the organic marketplace in general by regulating how "organic"

18  products are produced, manufactured, advertised, and sold.

19         13.    COFFA does this by requiring that *all products* "sold as organic" in

20  California meet regulations promulgated by the NOP.  Health & Safety Code §§ 110820;

21  110830; 110880.  This includes not only the NOP's regulations concerning the growing,

22  handling, and certifying of organic materials, but also its standards concerning, *inter alia*,

23  the sale and labeling of organic products.  *See, e.g.*, 7 C.F.R. §§ 205.100; 205.301.  Thus,

24  COFFA incorporates the NOP's bright-line objective standards relating to the organic

25  _____

26  [1] Originally passed as an amendment to the California Organic Food Act of 1979, the California Organic Products Act ("COPA") expanded California's regulations of organic

27  labeling from food to "all products sold as organic within the state."  Health & Safety Code § 110810 *et. seq*.  California later amended COPA in 2016 re-branding it as COFFA

28  and revising certain administrative requirements.

content of products sold, labeled, or represented as organic and extends those standards to all products "sold as organic" in California.  Health & Safety Code §§ 110820; 110830; 110880; 7 C.F.R. § 205.301(a)-(c).

14.     As a result, under COFFA, (1) all products sold as organic must contain a minimum of 95% certified organic materials by weight or fluid volume, excluding water and salt, and (2) all products sold as "made with" a specific organic material — *e.g.*, "made with organic cotton" — must contain a minimum of 70% certified organic materials by weight or fluid volume, excluding water and salt.  *See* Health & Safety Code §§ 110820; 110830; 7 C.F.R. § 205.301(b) and (c).

15.     COFFA specifically defines the phrase "sold as organic" to mean "any use of the term 'organic' [and] 'organically grown' . . . in connection with any product grown, handled, processed, sold, or offered for sale in [California], including, but not limited to, any use of these terms in labeling or advertising of any product and any ingredient in a multi-ingredient product."  Health & Safety Code § 110815(k).

16.     Defendants all sell as organic, as that phrase is defined under COFFA, products that do not meet the 70% or 95% minimum threshold requirements COFFA demands.  Indeed, EDP identified the following non-exhaustive list of products Defendants sell as organic in violation of COFFA:

- "Calvin Klein Men's Black Organic Cotton Logo Zip Up Hoodie" | Contains *only 50% organic content* | Available at Walmart.com

- Calvin Klein "Organic Cotton Plus T-Shirt" | Contains *only 51% organic content* | Available at Calvinklein.us

- Calvin Klein "Girls Organic Cotton Logo Stripe Zip Hoodie" | Contains *only 45% organic content* | Available at Calvinklein.us

- "B&C Womens Organic Sweatshirt" | Contains *only 80% organic content* | Available at Walmart.com

- "B&C Womens Organic Hoodie" | Contains *only 80% organic content* | Available at Walmart.com

- "B&C Mens Organic Crew Neck Sweat" | Contains *only 80% organic content* | Available at Walmart.com

- "AWDis Adult Organic Sweatshirt" | contains *only 80% organic content* | Available at Walmart.com

17.     EDP wrote to Walmart and PVH about their COFFA violations on March 14, 2023, in an attempt to resolve this matter short of litigation.  Following receipt of EDP's letter, Walmart asserted on more than one occasion that it had removed the offending products from its website, despite the fact it had not.  In fact, EDP was able to view *and purchase* a number of the offending products *after* Walmart claimed it had removed the products from Walmart.com.

<u>**FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF**</u>
<u>**BY PLAINTIFF AGAINST EACH DEFENDANT**</u>

**(California Organic Food and Farming Act, Health & Safety Code §§ 110810 – 110959 & 111910)**

18.     EDP realleges and incorporates by reference as if specifically set forth herein the paragraphs above.

19.     EDP is a "person" within the meaning of Health & Safety Code § 111910(a).

20.     Defendants have sold and/or continue to sell and/or offer for sale products in California in violation of COFFA.  Defendants will continue to sell and offer for sale products in California in violation of COFFA unless enjoined by this Court.

21.     Health & Safety Code § 111910(a) authorizes the Court to grant injunctive relief for any COFFA violation and also affords standing to "any person" to enforce such violations.  Specifically, "any person may bring an action in superior court pursuant to [§ 111910(a)] and the court shall have jurisdiction upon hearing and for cause shown, to grant a temporary or permanent injunction restraining any person from violating any provision of Article 7 (commencing with Section 110810) of Chapter 5 [i.e., COFFA]."  Health & Safety Code § 111910(a).

22.     Health & Safety Code § 111910(a) further provides that actions for

1  injunctive relief to remedy violations of COFFA "shall not be required to allege facts

2  necessary to show, or tending to show, lack of adequate remedy at law, or to show, or

3  tending to show, irreparable damage or loss, or to show, or tending to show, unique or

4  special individual injury or damages." *Id*.

5      23.     EDP is thus entitled to both preliminary and permanent injunctive relief to

6  restrain Defendants from violating COFFA.

7                          **<u>PRAYER FOR RELIEF</u>**

8          EDP prays for judgment and relief against Defendants as follows:

9              A.     That the Court preliminarily and permanently enjoin Defendants from

10  violating COFFA and require Defendants to remedy its past violations of COFFA; and

11              B.     That the Court grant EDP its reasonable attorney fees and costs of suit

12  pursuant to Health & Safety Code § 111910(b) or Code of Civil Procedure § 1021.5.

13

14  DATED: April 20, 2023                    LEXINGTON LAW GROUP, LLP

15

16                                           _____

17                                           Patrick Carey
                                             Attorneys for Plaintiff
18                                           ENVIRONMENTAL DEMOCRACY PROJECT

19

20

21

22

23

24

25

26

27

28

- 6 -
COMPLAINT FOR INJUNCTIVE RELIEF

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Patrick Carey (SBN 308623)
Lexington Law Group LLP
503 Divisadero Street
San Francisco, CA 94117
TELEPHONE NO.: (415) 913-7800     FAX NO.: (415) 759-4112
ATTORNEY FOR (Name): Environmental Democracy Project

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Environmental Democracy Project v. Walmart, Inc., et al.

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**04/20/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-23-606011** |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence     f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): One
5. This case ☐ is    ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 20, 2023

Patrick Carey
_____
(TYPE OR PRINT NAME)

► *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PATRICK R. CAREY (State Bar No. 308623)
JACOB JANZEN (State Bar No. 313474)
**LEXINGTON LAW GROUP, LLP**
503 Divisadero St.
San Francisco, CA 94117
Email: pcarey@lexlawgroup.com
Email: jjanzen@lexlawgroup.com
Telephone: (415) 913-7800

Attorneys for Plaintiff
ENVIRONMENTAL DEMOCRACY PROJECT

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/08/2023**
**Clerk of the Court**
BY: ERNALYN BURA
**Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ENVIRONMENTAL DEMOCRACY PROJECT, a non-profit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART, INC., JOMASHOP INC., PVH CORP., UNIVERSAL TEXTILES UK, LTD, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. CGC-23-606011<br><br>**PLAINTIFF'S APPLICATION FOR AN ORDER DESIGNATING ACTION COMPLEX**<br><br>Action Filed:    April 20, 2023<br>Trial Date:      None<br><br>Dept:            610 |

**I.      INTRODUCTION**

Plaintiff Environmental Democracy Project ("EDP") seeks through this application an order from the Court designating the above-captioned action as "complex" under California Rule of Court 3.400 and San Francisco Local Rule 3.5(C)(3).  The Court should designate this case as complex because it will involve a large number of defendants in multiple related cases and is likely to involve substantial motion practice raising novel legal issues.  As a result, complex designation will improve case management efficiencies through allowing greater coordination between the parties and avoid conflicting rulings from different courts on similar issues.

**II.     BACKGROUND**

EDP filed this case on April 20, 2023, bringing claims against Walmart, Inc., Jomashop Inc., PVH Corp., and Universal Textiles UK, Ltd. ("Defendants") for violations of the California Organic Food & Farming Act ("COFFA").  Health & Safety Code §110810, *et seq*.  COFFA requires entities like Defendants here, which sell products as "organic" in California, to ensure their products meet the minimum aggregate organic material requirements set forth in the National Organic Program ("NOP").  Specifically, COFFA, through its incorporation of the NOP standards, requires that any product sold by Defendants as "organic" contains at least 95% certified organic material and that any product sold by Defendants as "made with organic" materials contains a minimum of 70% certified organic material.  *See* Health & Safety Code §§ 110820; 110830; 7 C.F.R. § 205.301(b) and (c).

EDP's investigation into COFFA violations is ongoing and it regularly identifies additional COFFA violations related to entities other than the currently named Defendants in this action.  Indeed, Defendants here represent only a fraction of the violations EDP has already identified and is seeking to correct.  To the extent EDP's pre-suit negotiations are unsuccessful with the entities responsible for these additional violations, it intends to add those entities as defendants in this matter or related ones.

Pursuant to Local Rule 3.5(D) and Government Code Section 70616(a), EDP paid the required filing fee associated with complex cases concurrently with this application.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    DISCUSSION

**A.  The Court Should Designate This Case As Complex Because It Meets The Standard For Complex Designation.**

"A 'complex case' is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel."  Cal. R. Ct. 3.400(a).  "Any party at any time may apply for complex designation."  L.R. 3.5(C).

In determining whether a case meets the definition of "complex" courts "must consider" multiple factors, including the extent which the case is likely to involve: (i) "numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve"; (ii) "management of a large number of witnesses or a substantial amount of documentary evidence"; (iii) "management of a large number of separately represented parties"; (iv) "coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court"; or (v) "substantial postjudgment judicial supervision."  Cal. R. Ct. 3.400(b).  While courts "must" consider these factors, Rule 3.4000(b) makes clear through its use of the disjunctive "or" that a case must not meet *each* factor to be designated complex.  *See id*.

Here, this action meets the majority of these factors.  For one, the case will require the management of a large number of parties, and most, if not all, of these parties are likely to retain separate counsel.  Indeed, a COFFA violation concerning only a single product may involve multiple defendants as each entity involved in the sale of the product, such as vendors, manufacturers, retailers, brands, or other entities with similar connections to the violative product, are in violation of COFFA and subject to injunctive relief.

EDP named four defendants in its original complaint in this action but expects to add numerous additional defendants through amendment or through separately filed related actions. Indeed, EDP has identified COFFA violations from a high number of potential defendants but is currently attempting to resolve those matters short of litigation.  EDP's investigation is also ongoing and it regularly identifies new COFFA violations.  To the extent EDP is unable to resolve those matters outside of court, it expects to bring those entities into this case.

2

1       EDP also anticipates that this case will involve substantial motion practice that will be

2   time-consuming to resolve and involve novel legal issues.  While EDP and Lexington Law Group

3   have successfully litigated countless COFFA cases, there are no published decisions counsel is

4   aware of addressing the arguments Defendants have raised in response to EDP's pre-suit demand

5   letters.  Additionally, there is a high likelihood that the Court's orders addressing these arguments

6   would affect the majority of parties in a similar or equal manner.

7       As to the remaining statutory factors, given the large number of parties and potential

8   discovery issues concerning a wide number of Defendants' products, and the fact that this matter

9   involves injunctive relief, there is likely to be a large amount of documentary evidence and may

10  require substantial postjudgment judicial supervision.

11       Accordingly, the majority of factors set forth in Rule 3.400(b) weigh in favor of a

12  complex designation and such a designation would create the efficiencies Rule 3.400 intended to

13  promote.

## CONCLUSION

15      For all of these reasons, EDP requests that this Court designate this case complex.

17  DATED: May 8, 2023                    Respectfully Submitted,

18                                        LEXINGTON LAW GROUP

21                                        _____
                                          Patrick Carey
22                                        Attorney for Plaintiff
                                          Environmental Democracy Project

3

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **SEP 20, 2023**

**TIME:**     **10:30 am**

**PLACE:**     **Department 610**
                    **400 McAllister Street**
                    **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

ENVIRONMENTAL DEMOCRACY PROJECT,

PLAINTIFF (S)

VS.

WALMART, INC. et al

DEFENDANT (S)

**Department 304**

**NO.: CGC-23-606011**

**Order Granting Complex Designation and for Single Assignment**

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The Application for Approval of Complex Designation filed May-08-2023, in the above-entitled action, is GRANTED.  Complex Designation is APPROVED and this action is singly assigned for all purposes.

The CASE MANAGEMENT CONFERENCE previously set for Sep-20-2023 in Department 610 is canceled.

It is hereby ordered that this entire action be assigned for all purposes to the Complex Litigation Department, Judge Ethan P. Schulman, Department 304, of the California Superior Court for the County of San Francisco at 400 McAllister Street, San Francisco, CA 94102.

A case management conference is set for Aug-07-2023 at 9:00 am in Department 304.  A JOINT case management statement must be filed and an endorsed copy thereof delivered to Department 304 no later than five (5) court days prior to the case management conference.  All court dates must be reserved in advance with the Clerk of the Court.  The Clerk of the Court in Department 304 may be contacted at (415) 551-3729.

Remote appearances are allowed through Court Call or Zoom. If appearing remotely, please meet and confer to decide which platform to use as appearances cannot be split between Zoom and Court Call due to sound interference.  Should the parties wish to appear via Zoom, they are to jointly email the Complex Litigation Department at Complexlit@sftc.org to make that request. The request must include each attorney's name, firm, address, telephone number, email address and the name(s) of the client(s) each is representing. Upon receipt, the clerk will send a Zoom link for the conference.

All counsel should read and be familiar with the department procedures, which are located online at: https://sf.courts.ca.gov/divisions/civil-division/complex-civil-litigation.

Any pending motions previously set for hearing in the Law and Motion or Discovery Departments should be taken off calendar and the papers forwarded to Department 304 for possible re-setting at the time of the case management conference.

Counsel for plaintiff shall provide a copy of this order and notice to all counsel of record and/or parties In Propria Persona that are not listed in the attached certificate of service.

This case is now subject to mandatory e-filing and e-service pursuant to Local Rule 2.11.  For e-filing registration, training information and service list assistance, contact the Court's approved e-filing & e-service provider at (888)529-7587.

DATED:  MAY-31-2023

Ethan P. Schulman

JUDGE

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-31-2023 I served the attached Order Granting Complex Designation and for Single Assignment by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAY-31-2023                          By: ERICKA LARNAUTI

PATRICK R. CAREY (308623)
LEXINGTON LAW GROUP, LLP
503 DIVISADERO ST.
SAN FRANCISCO, CA  94117

CERTIFICATE OF SERVICE BY MAIL
Form 000015

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Patrick R. Carey (SBN 308623)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800   FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* pcarey@lexlawgroup.com<br>ATTORNEY FOR *(Name):* Environmental Democracy Project | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**06/20/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Environmental Democracy Project | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Walmart Inc., et al. | CGC-23-606011 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Order Granting Complex Designation and for Single Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      PVH Corp.

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   285 Madison Ave. Frnt 4, New York, NY 10017-6403
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| PLAINTIFF/PETITIONER: Environmental Democracy Project | CASE NUMBER: |
| DEFENDANT/RESPONDENT: PVH Corp. | CGC-23-606011 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* June 2, 2023      (2) from *(city):* San Francisco, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  PVH Corp.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**
  a. Name: Sam Litt
  b. Address: 503 Divisadero Street, San Francisco, CA 94117
  c. Telephone number: (415) 913-7800
  d. **The fee** for service was: $
  e. I am:

    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 20, 2023

| | |
|---|---|
| Sam Litt | ▶ _____ |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE ) |

# Attachment 1

**STEFAN LARSSON** 

# Delivered

Tuesday, June 13, 2023 10:44 AM
NEW YORK, NY 10017

**Tracking:**   9414711899562246013662 ›

**Return Receipt:**   9490911899562246013628 ›

📄 **Create Return Label**   ✉ **Email Tracking Info**

**Addresses**                                          ⌄

**Shipped To:**   STEFAN LARSSON
CEO PVH Corp.
285 MADISON AVE FRNT 4
NEW YORK, NY 10017-6403
United States

**Shipped From:**   94117

**Return To:**   LEXINGTON LAW GROUP
503 DIVISADERO ST
SAN FRANCISCO, CA 94117

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| Patrick R. Carey (SBN 308623)<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117<br>TELEPHONE NO.: (415) 913-7800      FAX NO. *(Optional):* (415) 759-4112<br>E-MAIL ADDRESS *(Optional):* pcarey@lexlawgroup.com<br>ATTORNEY FOR *(Name):* Environmental Democracy Project | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/20/2023**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

| PLAINTIFF/PETITIONER: Environmental Democracy Project | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Walmart Inc., et al. | CGC-23-606011 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [✔] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✔] other *(specify documents):* Order Granting Complex Designation and for Single Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      PVH Corp.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   285 Madison Ave. Frnt 4, New York, NY 10017-6403
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*            **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Environmental Democracy Project | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PVH Corp. | CGC-23-606011 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):* June 2, 2023      (2)  from *(city):* San Francisco, CA

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☑  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify):*  PVH Corp.
     under the following Code of Civil Procedure section:

     ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other:

7.  **Person who served papers**
   a.  Name: Sam Litt
   b.  Address: 503 Divisadero Street, San Francisco, CA 94117
   c.  Telephone number: (415) 913-7800
   d.  **The fee** for service was:  $
   e.  I am:

    (1)  ☑  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
      (i)  ☐  owner  ☐  employee  ☐  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 20, 2023

| Sam Litt | ▶ |  |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL) | | (SIGNATURE ) |

# Attachment 1

**STEFAN LARSSON** 

# Delivered

Tuesday, June 13, 2023 10:44 AM
NEW YORK, NY 10017

**Tracking:**   9414711899562246013662 ›

**Return Receipt:**   9490911899562246013628 ›

 **Create Return Label**   ✉ **Email Tracking Info**

**Addresses**   ⌄

**Shipped To:**   STEFAN LARSSON
CEO PVH Corp.
285 MADISON AVE FRNT 4
NEW YORK, NY 10017-6403
United States

**Shipped From:**   94117

**Return To:**   LEXINGTON LAW GROUP
503 DIVISADERO ST
SAN FRANCISCO, CA 94117

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART, INC., JOMASHOP INC., PVH CORP., UNIVERSAL
TEXTILES UK, LTD, and DOES 1 through 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENVIRONMENTAL DEMOCRACY PROJECT, a California non-profit
corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister St
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*

**CGC-23-606011**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Patrick Carey, Lexington Law Group LLP, 503 Divisadero Street, San Francisco, CA 94117, (415) 913-7800

DATE: **04/25/2023**
*(Fecha)*

Clerk, by **JEFFREY FLORES**
*(Secretario)*
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com